956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Allen P. MILLER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3384.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The Order of the Merit Systems Protection Board (Board), dismissing the petitioner Miller's appeal to the Board for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 Miller resigned from the Postal Service in September 1967. The following month, the Postal Service informed him that he had overdrawn his annual leave by 80 hours, which constituted an overpayment of $178.64, and that the Postal Service had applied Miller's final salary check of $135.15 against the indebtedness for the overdrawn leave, leaving a balance due the Postal Service of $43.49, which would be deducted from his retirement funds.
 
 
 3
 In May 1990, 23 years later, Miller filed with the Board an appeal challenging the Postal Service's offsetting of the amount of his final salary check against the amount he owed for overdrawn leave. He contended that by its action "the agency 'illegally seized' his paycheck of $135.15 (for the pay period September 8, 1967 to September 22, 1967) in violation of the Fourth Amendment and 31 U.S.C. § 3801." The Administrative Judge dismissed the appeal for lack of jurisdiction, and the Board affirmed.
 
 
 4
 The Administrative Judge noted that Miller contended that the Board had jurisdiction because the Postal Service's "action constitutes a reduction in pay appealable to the Board under 5 U.S.C. § 7512(4)," and that "the agency's 'illegal seizure' of his paycheck entitles him to an administrative remedy for false claims and statements under 31 U.S.C. Chapter 38." The Administrative Judge held, however, that
 
 
 5
 a document submitted by the appellant with his appeal reflects that the agency's withholding of the appellant's last payroll check was due to the fact that he was overdrawn 80 hours of annual leave. And, recoupment of overdrawn leave is not a reduction in pay. See Brathwaite v. United States Postal Service, 34 M.S.P.R. 239, 241 (1987).
 
 
 6
 Miller, acting pro se, then filed in the United States District Court for the District of Columbia a complaint against the Postmaster General alleging that "[f]or the pay period of September 8, 1967 through September 22, 1967, Defendant lapsed Plaintiff's salary without affording Plaintiff his veterans' Preference rights contained in Title 5 of U.S.C. Section 7512 (1967)." The District Court, apparently treating the suit as one challenging the Board's decision, transferred the case (together with a consolidated case Miller had filed against the Director of the Office of Personnel Management) to this court. The documents Miller has filed in this court confirm that that is the theory of his suit. Indeed, the cover page of his reply brief states: "Petition for Review of a Decision of the Merit Systems Protection Board."
 
 
 7
 For the reasons given in the opinion of the Administrative Judge and of the Board, we agree with the Board that it had no jurisdiction over Miller's belated attempt to challenge the 1967 withholding of his last salary check to offset his indebtedness to the Postal Service for excess annual leave taken. As the Administrative Judge correctly pointed out, although the Board has jurisdiction over appeals from a reduction in pay (as did the Board's predecessor, the Civil Service Commission), "recoupment of overdrawn leave is not a reduction in pay. See Brathwaite v. United States Postal Service, 34 M.S.P.R. 239, 241 (1987)."